GARDINER T. GORHAM and LEWIS DURLEY, appellants, *v.* FRANCIS PEYTON, appellee.

| 3  36J |
| 29a 456 |

*Appeal from the Municipal Court of the City of Chicago.*

In an action by the assignee against the maker of a promissory note, it is a good defence, that the note was given in consideration of a tract of land, and that, at the time of the making of the note, it was expressly understood and agreed between the payee and the defendant, that he should not be called on for the payment of the note, until the payee should obtain a patent from the United States for the said land, which he expected would be obtained before, or at furthest, at the maturity of the note ; that the assignee, at the time of the transfer of the note to him, had notice of the consideration of the note, and of said agreement, and promised that he would not sue the defendant ; and that the payee had not obtained a patent for the land, although a full consideration was paid for the note by the assignee.

The want of recollection of one witness cannot rebut the positive testimony of another.

THIS was an action of *assumpsit* brought by the appellee against the appellants, upon the following promissory note :

" $1000.   Thirteen months after date, value received, we promise to pay to J. B. Beaubien, or order, the sum of one thousand dollars, with interest, at six per cent.

" GORHAM & DURLEY.

" *Chicago, 30th July,* 1836."

On the back of said note was the following assignment :

" For value received, I hereby assign the within note to Francis Peyton.                          J. B. BEAUBIEN.

" *Chicago, 24th Aug.* 1837."

The cause was tried at the April term, 1838, of the Court below, the Hon. Thomas Ford presiding.   Judgment was rendered against the defendants, for $ 1125, from which they appealed to this Court.

J. D. CATON, J. Y. SCAMMON, and N. B. JUDD, for the appellants.   CATON contended, that in addition to the evidence showing that the appellee had notice of the consideration of the note, at the time of the assignment, the note was transferred after it became due, a month at common law being a lunar month.   He cited 3 Stark. Ev. 1388 – 89 ; Chit. on Bills 325 – 26 ; R. L. 483 – 84.

GILES SPRING and FRANCIS PEYTON, for the appellees.

WILSON, Chief Justice, delivered the opinion of the Court :

This case differs from those usually brought up for review, inasmuch as the questions presented for adjudication are those of fact, and not of law.   The action was brought by Peyton, as assignee of Beaubien, against Gorham & Durley, on a note made

by them to Beaubien.    The defence set up by the defendants is, first, a want of consideration, and that the plaintiff knew the fact, at the time the note was assigned to him ; secondly, that the consideration for the note was a part of Beaubien's Addition to the town of Chicago, for which Beaubien was to give a good and sufficient deed, which was to be founded on a patent from the United States to Beaubien, at the time the note became due ; and that Beaubien never did obtain a patent from the United States, and never did give the title stipulated for, and that the plaintiff was well advised of these facts at the time of the assignment.

The whole case was submitted to the Court, without the intervention of a jury.    The Court acted, therefore, in the twofold character of a court and jury, and its decision upon the facts of the case is, therefore, entitled to the same weight as that of a jury ; and we would not disturb the decision in this case, if the evidence upon which it was founded, was either inconclusive, contradictory, or doubtful ; but we cannot regard it as such.    The characters of the witnesses are unimpeached, and their testimony is full, direct, and positive in support of the issue.    Hartzell testifies, that " he was present when the note was given by Gorham & Durley to Beaubien ; and that the consideration for it was a part of Beaubien's Addition to Chicago, and that it was expressly understood and agreed between Beaubien and the defendants, that they should not be called on for the payment of the note until Beaubien should obtain a patent from the United States, for the said land, which Beaubien expected would be done before, or, at furthest, as early as the maturity of the note."

Beaubien testified, that " he had not obtained a patent for the land referred to."

Markoe swore, that " he was present at the negotiation for the transfer of the note from Beaubien to the plaintiff, and that Beaubien, at the time of the transfer of the note, expressly stated to the plaintiff, that the note was given by said defendants to said Beaubien, for some lots in ' Beaubien's Addition to Chicago ; ' and that it was agreed, at the time said note was given, between the said Beaubien and the said defendants, that the said defendants should not be called upon for the payment of the said note, until the said Beaubien should be able to put said defendants in possession of said land, and the said defendants should be put in possession of said lots ; that, at the time aforesaid, the said Beaubien stated to said plaintiff, he would not have him sue the said defendants on the said note, for all of his ' Reserve,' or all of his Addition to Chicago, until he could put them in possession ; that said plaintiff, at that time, expressly agreed, that he would not sue the said defendants on the said note."

This was all the evidence given in the case, except the additional

statement of Beaubien, that the note was assigned for a full consideration, and that he did not recollect having made the statements imputed to him by Markoe. This want of recollection, however, cannot rebut the positive testimony of Markoe. A witness may not remember what was said, but he cannot recollect that which was not said. Markoe could not have remembered the statement of Beaubien, had it not been made; his testimony must, therefore, be true, or wilfully false, while Beaubien's testimony may be in strict accordance with his recollection; yet, owing to the treachery of his memory, untrue, in fact. According therefore to the rules of evidence, the affirmative testimony of Markoe must outweigh the negative testimony of Beaubien, who does not say that he did not inform the plaintiff for what consideration the note was given; but merely, that he does not remember to have done so.

From all the evidence in the case, we are forced to the conclusion, that the consideration for which the note was given was never received by the defendants; nor can we come to any other conclusion, than that the character of the consideration was communicated to the plaintiff, at the time the note was assigned to him. If the evidence would admit of a rational doubt upon this point, it would become necessary to enquire, whether, in this case, it was incumbent upon the defendant to prove this fact, in order to make out his defence, but we believe the evidence to be so conclusive upon this point, as to supersede the necessity of this enquiry.

The judgment of the Court below is reversed, and judgment rendered for the defendant for costs.

*Judgment reversed.*